**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-01583-WJM

ALEJANDRO MARTÍNEZ,

    Plaintiff,

v.

MICHAEL ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

---

**ORDER AFFIRMING ADMINISTRATIVE LAW JUDGE'S DECISION**

---

This is a social security benefits appeal brought under 42 U.S.C. § 405(g). Plaintiff Alejandro Martínez challenges the final decision of Defendant, the Commissioner of Social Security, denying his applications for social security disability benefits and supplemental security income. The denial was affirmed by an administrative law judge (ALJ), who ruled Plaintiff was not disabled within the meaning of the Social Security Act (Act).

## I. BACKGROUND

On April 11, 2007, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability as of January 17, 2007, when he was 54 years old.[1] He claimed disability due to, among other things, depression, back

---

[1](Administrative Record "R." at 88-101.)

problems, and diabetes.[2] Plaintiff completed the ninth grade and later obtained a General Equivalency Diploma.[3] He has worked in the past as a telemarketer, sales attendant, bartender, and cashier.[4]

Plaintiff's applications were denied on August 10, 2007.[5] His claim was heard by an ALJ on May 2, 2008.[6] Plaintiff and a vocational expert (VE), Anthony F. Manuele, testified at the hearing.

On May 20, 2008, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[7] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 17, 2007. At step two, he found that Plaintiff suffered from the following severe impairments: diabetes and minimal retrolisthesis of L2 on L3, disk space narrowing, and mild marginal spurring in the spine. At step three, the ALJ found that Plaintiff's impairments,

---

[2](*Id.* at 13-14, 18, 50-53.)

[3](*Id.* at 4.)

[4](*Id.* at 8, 24-27.)

[5](*Id.* at 50-53.)

[6](*Id.* at 71-72.)

[7] The five-step process requires the ALJ consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.) The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

while severe, did not meet any of the impairments listed in the social security regulations.  At step four, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform work activities with the following limitations.  He could lift and carry 20 pounds occasionally, sit at least one hour at a time and four hours a day, stand at least one hour at a time and four hours a day, and occasionally stoop and kneel. Given this RFC, the ALJ found that Plaintiff could perform his past relevant work as a telemarketer.[8]  Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act and, thus, was not entitled to benefits.  The Appeals Council denied Plaintiff's request for review on May 7, 2009.[9]  Plaintiff then filed this action seeking review of the Commissioner's decision.

## II.  DISCUSSION

### A.    Standard of Review

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id.*  "It requires more than a scintilla, but less than a preponderance."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  Evidence is not substantial if it is overwhelmed by other evidence in the record.  *Grogan v. Barnhart*,

---

[8] (R. at 43-48.)

[9] (*Id.* at 31-33.)

399 F.3d 1257, 1261-62 (10th Cir. 2005). In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006) "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

**B.  Analysis**

Plaintiff advances eight alleged errors,[10] which, for efficiency, the Court collapses into two inquiries: (1) whether the ALJ erred in assessing Plaintiff's RFC; and (2) whether the ALJ erred in determining Plaintiff could return to his past relevant work as a telemarketer.

### *1.  RFC Assessment*

Plaintiff asserts the ALJ committed three errors in assessing Plaintiff's RFC.[11]

### *a)  Vocational Expert*

First, Plaintiff argues the ALJ erred by not presenting the RFC to the VE at the hearing. He asserts, in particular, that "the sitting and standing restrictions which are in the decision were not presented to the vocational expert at the hearing and it is unknown what would be the vocational expert's opinion with these restrictions."[12]

---

[10](*See* ECF No. 12 at 5-6.)

[11]A social security disability claimant's RFC is an assessment of "the most [he] can do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1).

[12](ECF No. 12 at 9-10.)

4

Plaintiff, however, does not suggest how this alleged omission hampered the ALJ's RFC assessment. Thus, any error in this regard would have been harmless. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 735 (10th Cir. 2005) (holding that harmless error analysis is appropriate in Social Security disability proceedings when the error would have no effect on the outcome of the case). Nor does Plaintiff cite legal authority in support of this argument. That alone is grounds for disregarding it. *Phillips v. Hillcrest Medical Center*, 244 F.3d 790, 800 n.10 (10th Cir. 2001).

In any event, Plaintiff's argument is without merit. The ALJ did present to the VE a hypothetical reflecting the sitting and standing restrictions in the RFC, *i.e.*, the capacity to sit at least one hour at a time and four hours a day and to stand at least one hour at a time and fours a day.[13] As to whether these limitations would prevent Plaintiff from working as a telemarketer, the VE stated, "[Plaintiff] did talk about the – being able to shift and stand and sit at will with his telemarketing occupation so that would still be available."[14] Indeed, Plaintiff's own testimony evidenced that Plaintiff could return to his past relevant work as a telemarketer as he actually performed it.[15]

      ***b)    SSR 96-8p***

Plaintiff also argues the ALJ erred in assessing Plaintiff's RFC by violating Social Security Ruling (SSR) 96-8p, which provides in relevant part that:

---

[13](R. at 26-27.)

[14](*Id.* at 27.)

[15](*See* R. at 7, 27, 47.)

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

Social Security Ruling 96-8p, 1996 WL 374184, at *7.

The Court concludes the ALJ complied with SSR 96-8p. The ALJ discussed at length Plaintiff's alleged symptoms and associated functional limitations, the medical opinions of consulting physicians (Drs. Hughes and Elsner) and treating physicians (Drs. Leonard and Nill) and the objective medical findings and examination records.[16] Thus, the ALJ's RFC assessment provides the requisite narrative discussion of how the evidence supports each conclusion. Second, the ALJ discussed Plaintiff's ability to perform sustained work activities. He discussed, for example, evidence that Plaintiff "performed work activity at the substantial gainful activity level for several years after 1995," the date that many of his problems began, including headaches, numbness in his hands, back pain, and neck pain, "with no indication of worsening of [these] condition[s]."[17] He also considered Plaintiff's own testimony regarding his work as a telemarketer. Finally, the RFC includes–in contravention to Plaintiff's assertion–specific function-by-function limitations concerning Plaintiff's capacity to perform each function

---

[16] (R. at 43-47).

[17] (*Id.*)

and is not expressed simply in terms of exertional categories.  Thus, the ALJ did describe the maximum amount of each work-related activity that Plaintiff could perform. Thus, the ALJ adequately complied with SSR 96-8p.

### c) *Treating Physicians*

The final alleged error in the ALJ's RFC assessment involves Plaintiff's treating physicians.[18]  Plaintiff argues the ALJ erred in assessing Plaintiff's RFC because the ALJ failed to accord adequate weight to the opinions of Plaintiff's treating physicians, Dr. David Leonard and Dr. Andrew Nill.

The opinion of a treating physician is generally given controlling weight.  An ALJ, however, may disregard that opinion, if it is contradicted by other medical evidence or otherwise inconsistent with substantial evidence in the record.  *See Marshall v. Astrue*, 315 F. App'x 757, 759-60 (10th Cir. 2009); 20 C.F.R. § 404.1527(d)(2).  The analysis of how much weight to accord a treating source opinion is sequential.

> An ALJ must first consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques.  If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight.

*Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

---

[18]Plaintiff also argues, in passing, that the ALJ erred by not adequately treating the opinion of Dr. John Hughes, who completed a Occupational Consultation of Plaintiff in April 2008. (ECF No. 12 at 13; R. at 292-302.)  Dr. Hughes was not a treating physician and thus not entitled to the deference of a treating physician.  The Court, in any event, finds the ALJ gave good reasons for disregarding Dr. Hughes' opinion, *i.e*, that it was inconsistent with medical findings from Dr. Claudia Elsner's consultative exam and with  multiple examinations at the Denver Health Medical  Center.  (R. at 44.)

If a treating physician's opinion is not given controlling weight, the ALJ must determine what weight, if any, the opinion deserves, considering certain factors identified in the regulations.  *See Watkins*, 350 F.3d at 1300-01.  Treating physician opinions are still entitled to deference and the ALJ must give good reasons in his or her decision for the weight he ultimately assigns those opinions.  *Id.*  "[I]f the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so."  *Id.* at 1301.

The ALJ rejected the opinions of two treating physicians: Dr. David Leonard and Dr. Andrew Nill.  Plaintiff argues this was error, in particular, because the ALJ did not consider the factors identified at 20 C.F.R. §§ 404.1527(d) and 416.927(d).[19]  The Court rejects Plaintiff's argument and finds the ALJ adequately addressed the opinions of Plaintiff's treating physicians.

### i)    *Dr. David Leonard*

Dr. Leonard's opinion is reflected on a Colorado Department of Human Services Med-9 form,[20] which he completed on April 20, 2007.[21]  He checked a box indicating that Plaintiff was "not totally disabled," but was substantially precluded from performing his

---

[19]These factors include: (1) the length of the treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  20 C.F.R. § 404.1527(d)(2)(I), (d)(2)(ii), (d)(3)-(d)(6).

[20]Med-9 forms are used by the State and County Departments of Human Services in determining medical eligibility for the State Aid to the Needy Disabled (AND) program. (R. at 172.)

[21]Plaintiff mistakenly refers to this date as September 20, 2007.

usual job.  He also checked a box indicating that Plaintiff was disabled for 12 months or longer due to "[m]ultiple medical problems requiring frequent doctor visits and periodic exacerbations of back pain making it difficult for the patient to have full time work."[22]

The ALJ rejected this opinion.  The Court concludes he gave specific, legitimate reasons for doing so.  First, the Court notes that Dr. Leonard's opinion is internally inconsistent.  It suggests that Plaintiff is both disabled and not disabled.  In any event, to the extent Dr. Leonard opined that Plaintiff is disabled, the ALJ noted that this opinion is on an issue reserved for the Commissioner of Social Security.  *See* 20 C.F.R. §§ 404.1527(e) and 416.927(e).  Thus, Dr. Leonard's opinion is not dispositive on the question of whether Plaintiff is unable to work due to a disability.  *Joyce v. Barnhart*, 88 F.App'x 320, 325 (10th Cir. 2004) ("A treating physician may opine that a claimant is totally disabled, but '[t]hat opinion is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner].'") (quoting *Castellano v. Sec'y of Health and Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1992).  Moreover, as noted below, the ALJ found this opinion was inconsistent with other, more thoroughly supported opinions.[23]

The ALJ also noted that Dr. Leonard's opinion was unsupported by his own treatment records.[24]  In April 2007, Plaintiff reported back and other symptoms.  But Dr. Leonard's findings from an examination of Plaintiff showed, among other things,[25] no

---

[22](R. at 171-72).

[23](R. at 45.)

[24](R. at 45, 179-87.)

[25]The examination reflected, for example, that Plaintiff's diabetes are uncontrolled.

tenderness in Plaintiff's back–indeed, as of April 20, 2007, his back pain had improved–no neurological deficits in his legs, and no objective findings to support the existence of ulnar neuropathy.[26]

Finally, the ALJ rejected Dr. Leonard's opinion because he found it was inconsistent with the examination findings of Dr. Claudia Elsner, who performed a consultative exam of Plaintiff in July 2007 and with records from Denver Health Medical Center, which included examination findings from Dr. Dwyer, an orthopedic specialist.[27] *See Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988) (an ALJ may consider other medical opinion evidence in rejecting the opinion of a treating physician). The ALJ discussed both sets of records at length, and the Court will not repeat that discussion here.[28] Plaintiff, moreover, does not dispute that these medical records undermine his claim of disability.

Accordingly, the Court concludes the ALJ gave specific, legitimate reasons for rejecting Dr. Leonard's opinion.

### ii) Dr. Andrew Nill

The Court also concludes the ALJ gave specific, legitimate reasons for rejecting Dr. Nill's opinion that Plaintiff was totally disabled.

As with Dr. Leonard, Dr. Nill's medical opinion is reflected in a Med-9 form, which he completed on August 20, 2007.[29] Dr. Nill checked the box indicating that Plaintiff

---

[26](R. at 45, 180-81.)

[27](R. at 45-46.)

[28](R. at 45-46.)

[29](R. at 220-21.)

was unable to work for 12 months or longer due to "chronic low back pain and diabetes uncontrolled."[30] In rejecting this opinion, the ALJ stated that Dr. Nill's opinion "is not supported by any explanation or by any signs or findings, and is also unsupported by the evidence in Exhibit 5F [Denver Health treatment records]".[31] These constitute specific, legitimate reasons for rejecting Dr. Nill's opinion.

Moreover, Plaintiff does not dispute the adequacy of these reasons. He argues instead that the ALJ erred because the ALJ did not consider the regulatory factors for evaluating opinion evidence. *See* 20 C.F.R. §§ 404.1527(d) and 416.927(d). Those factors, however, need not be explicitly discussed in the ALJ's opinion. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). The opinion in this case is "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* (quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003)). Thus, it passes muster upon judicial review. *See Sitsler v. Astrue*, No. 10-5033, 2011 WL 62834, *6 (10th Cir. 2011) ("The question for this court is whether the ALJ's decision contains specific reasons that make clear the weight assigned to [a treating physician's] opinion and the reasons for that weight.").

The Court concludes the ALJ adequately addressed the opinions of Plaintiff's treating physicians. The Court further concludes that the ALJ was under no obligation–as argued by Plaintiff–to recontact Dr. Leonard and Dr. Nill pursuant to 20

---

[30](R. at 220-21.)

[31] (R at. 46.)

C.F.R. § 404.1512(e). That regulation applies when the evidence the agency receives from a claimant's treating physician or psychologist or other medical source is inadequate for the agency to determine whether the claimant is disabled. *See Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir 2008). In this case, however, the record was sufficient for the ALJ to make his disability determination; thus, there was no need to further develop it. *See id.*

### 2. Past Relevant Work

In addition to the alleged errors the ALJ committed in assessing Plaintiff's RFC, Plaintiff asserts the ALJ erred in deciding that Plaintiff, in spite of his RFC, could return to his past relevant work as a telemarketer. More specifically, he argues the ALJ erred by failing to provide specific findings or analysis regarding the physical and mental demands of Plaintiff's work as a telemarketer, in violation of SSR 82-62.

Social Security Ruling 82-62 requires that the ALJ make findings regarding (1) the claimant's RFC, (2) the physical and mental demands of prior jobs or occupations, and (3) the ability of the claimant to return to the past occupation given his or her RFC. *Henrie v. U.S. Dep't of Health & Human Servs.,* 13 F.3d 359, 361 (10th Cir. 1993); Social Security Ruling 82-62, 1982 WL 31386, at *4.

Plaintiff takes issue with the second and third requirements. The Court concludes both requirements were met by the ALJ in this case. As the ALJ noted in his decision, Plaintiff testified that his job as a telemarketer allowed him to alternate sitting and standing at will and did not require lifting.[32] The ALJ also noted that the VE testified

---

[32](R. at 8-9, 47.)

that Plaintiff could perform the job of a telemarketer as that job was performed by him.[33] *See* 20 C.F.R. § 404.1560(b)(2) (vocational expert may offer evidence concerning demands of claimant's past relevant work as claimant actually performed it).   Thus, the Court rejects Plaintiff's argument that the ALJ violated SSR 82-62 by not discussing the physical and mental demands of work as a telemarketer or Plaintiff's ability to return to that work given his RFC.

### III.  CONCLUSION

The ALJ's denial of Plaintiff's applications for disability benefits and supplemental income is supported by substantial evidence and free of legal error.  Accordingly, the Commissioner's decision is AFFIRMED.

Dated this 11th day of April, 2011

BY THE COURT:

United States District Judge

---

[33](R. at 28-29, 47.)